IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILFREDO PEREZ-TORRES,

   Plaintiff,

   v.

MICHAEL ASTRUE, COMMISSIONER
OF SOCIAL SECURITY,

   Defendant.

CIVIL NO. 08-2008 (ADC)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

   Above plaintiff Wilfredo Pérez-Torres (hereafter "Pérez-Torres") filed this action to obtain judicial review of the decision of the defendant, the Commissioner of Social Security (hereafter "Commissioner"), that denied his application for entitlement to a period of disability and ensuing benefits. *Pro-se* plaintiff Pérez-Torres is requesting review of the medical evidence attempting to set aside the determination of the Commissioner that he was found not under disability and, thus, denied Social Security disability benefits under the provisions of the Social Security Act. (Docket No. 2).[1]

   The Commissioner answered the complaint, filed copy of the administrative record, and thereafter filed a memorandum of law in support of the administrative decision. (Docket Nos. 9, 10, 18). An order was issued for Pérez-Torres to file his memorandum of law, which appeared on record on January 12, 2010. (Docket No. 20). Plaintiff Pérez-

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner.
"... [t]he court shall have power to enter, upon the pleadings and transcript
of the record, a judgment without remanding the cause for rehearing". Section 205(g).

Torres has not consented to the exercise of jurisdiction by a United States Magistrate Judge for which the matter is now submitted to the Court through this report and recommendation.

After a perusal of the administrative record, the parties' briefs, as well as the administrative record containing the medical evidence on file, this United States Magistrate-Judge finds the Commissioner's decision should be AFFIRMED.

## GENERAL BACKGROUND

Plaintiff Pérez-Torres was a fifty seven (57) years old male at the time of alleged disability. He is described as an individual approaching advanced age, who had performed past relevant work as a security guard and a toll road cashier. His initial application for disability insurance benefits was denied and, upon request, an administrative hearing was held on October 23, 2007, when he was already sixty (60) years of age. Pérez-Torres claimed inability to work because of a discogenic back condition with pain. He was last insured for disability up to December 31, 2005.

## PROCEDURAL HISTORY AND THE ADMINISTRATIVE HEARING

Plaintiff Pérez-Torres filed his application for disability benefits on December 29, 2005, claiming he became disabled on June 1, 2005. At the time of the administrative hearing after denial of the initial application, plaintiff was represented by counsel and testified at the hearing. However, Pérez-Torres appeared *pro-se* at the time of the filing of the memorandum of law in this action.

The presiding Administrative Law Judge, Hon. Ramón E. Quiñones, (hereafter the "ALJ") issued an opinion on October 26, 2007, which was affirmed by the Appeals Council, and became then the final decision of the Commissioner of Social Security that is now subject of this judicial review (*Tr. pp. 12-16*).

## THE ALJ'S DECISION AND THE APPEALS COUNCIL

In the opinion issued the ALJ, he applied the evaluation process mandated by law, insofar as concluding that plaintiff Pérez-Torres: (1) meets the non-disability requirements for a period of disability and disability insurance benefits and is insured for benefits up to December 31, 2005, but not thereafter; (2) has not engaged in substantial gainful activity since the alleged onset date of disability; (3) has an impairment or a combination of impairments considered "severe" based upon the Regulations found at 20 C.F.R. § 404.1520(b), but these medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulations No. 4.  However, the ALJ did not consider the remaining steps in the evaluation required for sequential analysis because the ALJ found that plaintiff's impairments did not prevent him from performing his previous kind of work because he retained the residual functional capacity to carry out the full work of medium level of exertion and his previous works, as performed, were of light nature.  (*Tr. p. 14*).

The ALJ reviewed and discussed in the administrative opinion the medical evidence wherein it was determined that plaintiff Pérez-Torres suffered from musculo-skeletal pathology of the cervical and lumbar spine.  The medical evidence did not reflect any fracture, disc herniation or any type of neurological compromise, except for the presence

of muscle spasm. There was no required hospitalization nor any intensive treatment, except for an emergency visit due to back discomfort that improved with an injection. (*Tr. id.*).

## ANALYSIS

**A.    Legal Standard**.

The Court's review is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater,  172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove that he is disabled within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987).  It is well settled law that a claimant is disabled under the Act if [s]he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(a).  A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such

work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Secretary of Health and Human Services, 690 F.2d 5, 6-7 (1st Cir. 1982).

Through step one, the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he is, disability benefits are denied. §§ 404.1520(b). If he is not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth step, through which the ALJ determines

whether the impairment prevents the claimant from performing the work he has performed in the past.  If the claimant is able to perform his previous work, he is not disabled. §§ 404.1520(e).  If it is determined that the claimant cannot perform this work, then the fifth and final step of the process demands a determination on  whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience.  The claimant would be entitled to disability benefits only if he is not able to perform other work.  §§ 404.1520(f).

The claimant has the burden, under steps one through four, of proving that he cannot return to his former employment because of the alleged disability.  Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991).  In the present case, the ALJ determined claimant failed the sequential steps because he was able to perform his previous kind of work.

Plaintiff Pérez-Torres submits there is evidence on record to show the presence of muscle spasm and myositis osteophytes  at C3-C4 and disk bulging at L4, L5.  He claims being unable to perform his previous work at the toll because of the lifting of weight.  He also submits having received treatment after his insured period had expired for back pain on two (2) occasions, although claiming the presence of the chronic degenerative condition has not subsided.  (*Docket No. 20*).

**B.  Review of the Medical Evidence in the Record as a Whole**.

A review of the ALJ's decision shows he opined objective evidence established the presence of some medical impairments which could reasonably be expected to cause some pain, but not to  the extent or degree claimed.  This is further revealed by plaintiff Pérez-

Torres being unwilling to receive a referral to a pain clinic, follow the treatment recommended and conservative and scarce medical history on record.

If there are any conflicts in the evidence, these are for the Commissioner, not the courts to consider. Rodríguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir.1981). *See also* 20 C.F.R. § 404.1527(d)(2); *see also* Rodríguez Pagán v. Secretary of Health and Human Services, 819 F.2d at 3; Lizotte v. Secretary of Health and Human Services, 654 F.2d 127, 130 (1st Cir. 1981). The ALJ is also entitled to consider how the claimant's testimony fits with the rest of the evidence of record. *See* Frustaglia v. Secretary of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987).

The ALJ concluded plaintiff's allegations regarding his limitations were not totally credible, indicating the medical history in support of such conclusion.

Plaintiff testified at the administrative hearing about his work history and treatment with the State Insurance Fund. He was discharged with a ten (10%) disability. Plaintiff Pérez-Torres claims he is unable to seat and walk for long periods. (*Tr. pp. 135-137*). The ALJ, however, concluded the medical evidence and the record showed in spite of ailments, plaintiff seemed to remain adequately functional with adequate mobility, including gait and station. There was limited medical evidence showing ongoing treatment for persistent and limited musculo-skeletal symptoms. (*Tr. p. 15*).

A review of the record available and considered by the ALJ, indicates the medical reports refer to mild discogenic disease and bulging, without evidence of disc herniation or any other advanced osseous pathology. The diagnostic impressions were mostly of muscle spasm and they improved with conservative treatment.

In 2004, the MRI study found straightening of the lumbar lordosis compatible with muscle spasm and/or lumbar myositis but no herniated nucleus pulposus, with vertebral body heights and disc space to be well preserved. There was a mild narrowing of the disc space at L4-L5 but no focal disc herniation. (*Tr. p. 115*). The C3-C4 had minimal circumferential disc bulge with mild posterior osteophyte bony ridges; C5-C6 had mild anterior spondylotic changes; C6-C7 had minimally narrowed disc space consistent with degenerative discogenic disease and there was no focal disc herniation at any level. (*Id. 116*). Similarly, the X-rays dated February 25, 2004, found the thoracic spine had intervertebral disc spaces and vertebral bodies were well maintained. The bony alignment was intact and no bony lesions were noted. The lumbosacral spine showed also all bony structures to be maintained, alignment was intact and no lesions were noted. (*Id. p. 118*). On May 27, 2004, the State Insurance Fund notes indicate plaintiff requested chiropractic treatment, which was not offered by the institution. Thus, Pérez-Torres requested to be discharged from treatment since he did not want referral to a pain clinic or physical therapist and refused to undergo a nerve conduction velocity evaluation. (*Id. p. 178*).

A progress note from the State Insurance Fund dated November 2005 reveals there was full range of movement in the dorsal spine. (*Tr. p. 110*). The patient is described as oriented and stable and able to walk without difficulty. (*Id. p. 175*). Treatment had been consistent with the presence of muscle spasms.

The record also shows consultative physician Dr. Idalia Pedroza determined plaintiff Pérez-Torres was able to lift fifty (50) pounds occasionally, twenty-five (25) pounds

frequently, and stand, walk and sit for six (6) hours. (*Tr. pp. 100-101*). This opinion was affirmed by Dr. Gilberto Fragroso. (*Id. p. 92*).

## CONCLUSIONS OF LAW

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are conclusive, if supported by the above stated substantial evidence.[2] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001). *See* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d at 222.

As defendant's memorandum submits, the test for disability applicable is not whether plaintiff had a partial disability or suffered some pain or limitation. Rather, it is if his condition renders him totally disabled and incapable of performing substantial gainful activity for a continuous period of at least twelve (12) months. Bowen v. Yuckert, 482 U.S. 137, 142, 107 S.Ct. 2287 (1987). The mere presence of an impairment is not disabling. It should produce a resulting functional loss which precludes substantial gainful activity. All the medical evidence regarding plaintiff Pérez-Torres' physical condition is in the form of written records, without the presence or claim of any non-exertional significant condition,

---

[2] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).

except for pain allegations which lack clinical or consistent treatment and were subject to a credibility determination well within the scope of the ALJ.

After careful consideration and review, this Magistrate Judge considers the decision of the Commissioner is supported by substantial evidence.

## CONCLUSION

For the reasons stated above, this United States Magistrate Judge recommends, after having discussed and examined the record, that the decision of the Commissioner is supported by substantial evidence. Thus, it is recommended the Commissioner's decision be **AFFIRMED.**

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules.[3] Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

---

[3]   Local Rule 72 (d), as amended December 3, 2009 provides:
  **(d) Objections to Report of Proposed Findings and Recommendations as to Dispositive Motions and Prisoner Cases.**
Any party may object to the magistrate judge's report of proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1) within fourteen (14) days after being served a copy of it. The party shall file with the clerk and serve on all parties written objections which shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.

IT IS SO ORDERED.

At San Juan, Puerto Rico, on this 25th day of January of 2010.

                      S/**CAMILLE L. VELEZ-RIVE**
                     **CAMILLE L. VELEZ RIVE**
                     **UNITED STATES MAGISTRATE JUDGE**