**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **WILFREDO PÉREZ-TORRES,**<br><br>    Plaintiff,<br><br>    v.<br><br>**COMMISSIONER OF SOCIAL SECURITY,**<br><br>    Defendant. | **Civil No. 08-2008 (ADC)** |

## ORDER

*Pro-se* plaintiff, Wilfredo Pérez-Torres ("plaintiff"), filed a complaint against the Commissioner of Social Security on September 8, 2008, requesting a review of a social security determination. **Docket No. 2**. The case was referred to Magistrate-Judge Camille L. Vélez-Rivé (the "Magistrate-Judge") on January 26, 2009. **Docket No. 5**. On January 21, 2010, the Magistrate-Judge issued a Report and Recommendation ("R & R") which recommended dismissing the complaint. **Docket No. 21**. On February 8, 2010, plaintiff objected to the Report and Recommendation. **Docket No. 22**.

**I.    Standard of Review for Objections to a Report and Recommendation**

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Cv. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). "The district court need not consider frivolous, conclusive, or general objections." *Rivera-García v. United States*, Civ. No. 06-1004 (PG), 2008 WL 3287236, *1 (D.P.R. Aug. 7, 2008) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419 (5th Cir. 1987)). Moreover, to the extent the objections amount to no more than general or conclusory

objections to the report and recommendation, without specifying to which issues in the report the party is objecting, or where the objections are repetitive of the arguments already made to the magistrate-judge, a *de novo* review is unwarranted. *Id.* "Instead, the report and recommendation is reviewed by the district judge for clear error." *Id.* (citing *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to . . . submit[ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.")).

In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo-Rodríguez v. Pfizer Pharma., Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the court may accept those parts of the report and recommendation to which the party does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

II.     **Discussion**

Inasmuch as plaintiff has not objected to the following sections, to wit: (i) General Background, (ii) Procedural History and the Administrative Hearing, (iii) the ALJ's Decision and the Appeals Counsel, (iv) the Legal Standard (**Docket No. 21**, at 2-6), the court hereby adopts these sections in full. Plaintiff's objection centers on his belief that he is unable to perform any gainful employment and that his condition is chronic and worsening. However, he cites to no record evidence to sustain his allegations, nor does he cite to any evidence to show error in the Magistrate-Judge's findings and citations to the administrative hearing and the record that show the contrary. *Id*. at 7-9. Plaintiff has failed to establish that his physical condition results in functional loss which precludes substantial gainful activity. Thus, the court understands, as the Magistrate-Judge before it, that the Commissioner's decision to

deny disability benefits is supported by substantial evidence and should be affirmed.  *See Santiago v. Commissioner of Social Security*, 141 F. 3d 1150 (1st Cir. 1998).

### III.     Conclusion

Upon review of the R & R, plaintiff's objection and the record, the court finds that plaintiff has not met his burden of establishing that he is disabled within the meaning of the Social Security Act.  Further, plaintiff has not put forth any error of fact or law that merits reconsideration of the R & R, which recommends the Commissioner's denial of disability benefits be affirmed and this action be dismissed.  Accordingly, the court **ADOPTS** the R & R in full (**Docket No. 21**), thereby **DISMISSING WITH PREJUDICE** plaintiff's complaint (**Docket No. 2**).

**SO ORDERED**

At San Juan, Puerto Rico, on this 23rd day of February, 2010

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**